NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0682-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

KAREEM T. TILLERY, a/k/a
KAREEM ALI TILLERY, KAREEM
A. TILLERY, KAREEM J. TILLERY,
KARIM TILLERY, KARIEM A.
TILLERY, KAREEM TILLERY-JONES
AND KAREEM R. JONES,

 Defendant-Appellant.
_______________________________

 Submitted June 8, 2017 - Decided July 18, 2017

 Before Judges Lihotz and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Indictment No.
 14-06-0084.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Michele E. Friedman, Assistant
 Deputy Public Defender, of counsel and on the
 briefs).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Sarah D. Brigham,
 Deputy Attorney General, of counsel and on the
 brief).

PER CURIAM
 Defendant Kareem T. Tillery appeals from an October 7, 2015

Judgment of Conviction, following a jury verdict and challenges

the sentence imposed. On appeal, defendant seeks reversal of his

conviction, based, in part, on what he contends was an involuntary

custodial statement, which violated his Miranda1 rights.

Alternatively, he requests resentencing, arguing the judge

improperly considered irrelevant facts. More specifically,

defendant asserts:

 POINT I

 THE STATEMENT TO LAW ENFORCEMENT SHOULD HAVE
 BEEN SUPPRESSED BECAUSE THE STATE FAILED TO
 MEET ITS BURDEN OF PROVING BEYOND A REASONABLE
 DOUBT THAT [DEFENDANT] WAIVED HIS MIRANDA
 RIGHTS.

 POINT II

 THE MATTER SHOULD BE REMANDED FOR RESENTENCING
 BECAUSE THE SENTENCE IS MANIFESTLY EXCESSIVE
 AND UNDULY PUNITIVE.

 A. THE SENTENCING COURT IMPROPERLY REPLACED
 ITS JUDGMENT FOR THAT OF THE JURY WHEN
 SENTENCING [DEFENDANT] FOR OFFENSES
 WHICH THE JURY DID NOT CONVICT HIM OF
 COMMITTING.

 B. THE SENTENCING COURT ASCRIBED UNDUE
 WEIGHT TO [DEFENDANT'S] PRIOR
 CONVICTIONS, RESULTING IN DUPLICATIVE
 CONSIDERATION OF HIS PRIOR RECORD.

1
 Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d
694 (1966).

 2 A-0682-15T3
 We have reviewed these arguments in light of the record and

applicable law. We affirm.

 A cooperating informant told State Police, defendant, who he

characterized as a family friend, sold firearms. A seven to eight

month investigation commenced, culminating with defendant's arrest

on August 22, 2013. During the investigation, police recorded

telephone conversations and monitored the informant's "controlled

buy" of guns at defendant's workplace, a local supermarket, and

his designated residence in Union Township. Defendant was charged

with eight counts of weapons offenses.

 Prior to trial, Judge Martin G. Cronin conducted a Rule 104

evidentiary hearing to review defendant's challenges to the

admissibility of his post-arrest custodial statements. State

Police Detective Hugo Ribeiro testified and identified documents

he completed at the time of arrest, including the Police Arrest

Form, SP121; the arrest report; and the standard Miranda card that

was signed and acknowledged by defendant. The State also relied

upon the transcript of the August 22, 2013 custodial interview,

which defendant acknowledged accurately recorded all statements

captured on the audio recording. Both parties submitted written

briefs and offered additional oral arguments.

 Detective Ribeiro completed the arrest form in the interview

room and informed defendant of his Miranda rights. Defendant

 3 A-0682-15T3
signed the Miranda card also signed by then Trooper Ribeiro, as

the advising officer, and Detective Miguel Holguin, as a witness.

Both troopers remained present during the interrogation.

 On cross-examination, the defense demonstrated the claimed

"biographical information," requested by Detective Ribeiro was not

necessary because police had many of these facts. More

importantly, the information was inadmissible because it confirmed

defendant's address, place and address of employment, phone

number, nickname, descriptive tattoos, and provided evidence which

the State otherwise would be required to prove as part of its case

against defendant.

 Judge Cronin concluded defendant's statements made prior to

the issuance of Miranda warnings exceeded permissible routine

booking information and amounted to investigatory proofs.

Therefore, those statements were inadmissible. Judge Cronin also

found, despite the absence of an express waiver of rights, the

totality of the direct and circumstantial evidence demonstrated

defendant's post-Miranda statements were made knowingly and

voluntarily. The judge required post-Miranda references to

defendant's nickname be redacted, otherwise, the balance of the

interview was admissible.

 Following trial, the jury convicted defendant of second-

degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)

 4 A-0682-15T3
(count two) and fourth-degree unlawful disposition of a weapon,

N.J.S.A. 2C:39-9(d) (count five). The jury hung on the remaining

counts of the indictment. Judge Cronin granted the State's motion

to impose a discretionary extended term, concluding defendant

satisfied the requirements of a persistent offender. N.J.S.A.

2C:44-3(a). On count one, he sentenced defendant to a twenty-year

prison term, subject to a ten-year period of parole ineligibility

in accordance with the Graves Act. On count five, he imposed a

concurrent prison term of eighteen months. The State dismissed

the remaining counts of the indictment.

 We consider defendant's challenges to the order denying his

motion to suppress his custodial statement. Although he

acknowledges Miranda warnings were administered, defendant argues

the evidence was insufficient to prove he waived these rights.

 To find police properly informed a suspect of his or her

Miranda rights and that these rights were voluntarily waived

"turn[s] on factual and credibility determinations . . . ." State

v. W.B., 205 N.J. 588, 603 n.4 (2011). In our review, we determine

whether there is "sufficient credible evidence in the record to

sustain the trial judge's findings and conclusions." Ibid. If

so, our "task is complete and [we] should not disturb the result

. . . ." State v. Johnson, 42 N.J. 146, 162 (1964). We will

defer to the trial judge's factual findings, which are

 5 A-0682-15T3
"substantially influenced by his [or her] opportunity to hear and

see the witnesses and [develop a] feel of the case, which a

reviewing court cannot enjoy." State v. Davila, 203 N.J. 97, 109-

10 (2010) (quoting Johnson, supra, 42 N.J. at 161-62). However,

if "a trial court's findings [are] so clearly mistaken 'that the

interests of justice demand intervention and correction[,]' . . .

an appellate court properly reviews 'the record as if it were

deciding the matter at inception and make[s] its own findings and

conclusions.'" State v. Hreha, 217 N.J. 368, 382 (2014) (quoting

Johnson, supra, 42 N.J. at 162). Further, we are not bound by a

trial court's resolution of legal issues, which remain subject to

our de novo review. State v. Shaw, 213 N.J. 398, 411 (2012).

 Defendant's challenge invokes his right to remain silent.

"The Fifth Amendment privilege against self-incrimination, made

applicable to the states through the Fourteenth Amendment,

provides that '[n]o person . . . shall be compelled in any criminal

case to be a witness against himself.'" State v. P.Z., 152 N.J.

86, 100 (1997) (quoting U.S. Const. amend. V); see also State v.

Reed, 133 N.J. 237, 250 (1993) (holding "the right against self-

incrimination is founded on a common-law and statutory . . .

basis," and establishes "'no person can be compelled to be a

witness against himself.'") (quoting State v. Zdanowicz, 69 N.J.L.

619, 622 (E.&.A. 1903)). Attendant to this right is the "absolute

 6 A-0682-15T3
right to remain silent while under police interrogation . . . ."

Reed, supra, 133 N.J. at 520.

 Because the privilege against self-incrimination is not self-

implementing, the right is safeguarded through the use of Miranda's

"prophylactic-procedural safeguards . . . ." State v. Knight, 183

N.J. 449, 461 (2005) (quoting State v. Burris, 145 N.J. 509, 520

(1996)). Without question, "[c]onfessions obtained . . . during

a custodial interrogation are barred from evidence unless the

defendant has been advised of his or her constitutional rights."

Ibid. (citing Miranda, supra, 384 U.S. at 444, 86 S. Ct. at 1612,

16 L. Ed. 2d at 707). Moreover, it is the State which bears the

burden of "prov[ing] the voluntariness of a confession beyond a

reasonable doubt." State v. Galloway, 133 N.J. 631, 654 (1993);

see also State v. Presha, 163 N.J. 304, 313 (2000) (holding the

State bears the burden of proving a defendant's waiver of his or

her rights was knowing, intelligent, and voluntary beyond a

reasonable doubt.).

 Indeed, a suspect who was administered and understood Miranda

warnings, but did not invoke his rights, "waives the right to

remain silent by making an uncoerced statement to the police."

Berghuis v. Thompkins, 560 U.S. 370, 388-89, 130 S. Ct. 2250,

2264, 176 L. Ed. 2d 1098, 1115 (2010). Therefore, contrary to

defendant's assertion, an express waiver of rights is not required.

 7 A-0682-15T3
Rather, judges must evaluate the totality of the circumstances

surrounding the interrogation and consider: "the suspect's age,

education and intelligence, advice as to constitutional rights,

length of detention, whether the questioning was repeated and

prolonged in nature and whether physical punishment or mental

exhaustion was involved." State v. Miller, 76 N.J. 392, 402 (1978)

(citing Schneckloth v. Bustamonte, 412 U.S. 218, 226, 93 S. Ct.

2041, 2047, 36 L. Ed. 2d 854, 862 (1973)). The judge may also

weigh a defendant's "prior experience with the police" and the

"period of time between 'administration of the [Miranda] warnings

and the volunteered statement.'" Knight, supra, 183 N.J. at 463,

466 (quoting State v. Timmendequas, 161 N.J. 515, 614 (1999),

cert. denied, 534 U.S. 858, 122 S. Ct. 136, 151 L. Ed. 2d 89

(2001)).

 For the reasons stated by Judge Cronin, we reject defendant's

challenges and conclude the totality of the evidence upholds the

determination defendant issued a voluntary statement knowing his

Miranda rights did not require he speak. The judge considered all

events, defendant's prior experiences with law enforcement, and

his statement referencing a recognition he need not respond to the

questions posed, noting he was "going to jail anyway." As Judge

Cronin found, defendant's statement was "not otherwise the product

of coercion or duress."

 8 A-0682-15T3
 Defendant alternatively challenges the imposed sentence as

excessive. More specifically, he argues resentencing is required

suggesting the judge's reasoning was flawed when imposing the

maximum second-degree sentence. Defendant argues the judge: (1)

considered acts for which defendant was not convicted; and (2)

ascribed undue weight to defendant's criminal record. We disagree.

 Regarding the second point, the judge considered defendant's

adult criminal record in Virginia and New Jersey, as well as

juvenile adjudications. These offenses were committed while

defendant was on probation. Accordingly, we conclude defendant's

second point lacks sufficient merit to warrant further discussion

in our opinion, R. 2:11-3(e)(2). See State v. Thomas, 188 N.J.

137, 153 (2006) ("A court's findings assessing the seriousness of

a criminal record, the predictive assessment of chances of

recidivism, and the need to deter the defendant and others from

criminal activity, do all relate to recidivism, but also involve

determinations that go beyond the simple finding of a criminal

history and include an evaluation and judgment about the individual

in light of his or her history.").

 We focus on the first claimed error. Judge Cronin found no

applicable mitigating factors, N.J.S.A. 2C:44-1(b), and applied

aggravating factors three (risk of re-offense), six (defendant's

criminal record), and nine (the need for deterrence). N.J.S.A.

 9 A-0682-15T3
2C:44-1(a)(3), (6), (9). The judge found strong legislative policy

in relation to gun control to protect the public and noted

defendant knew the informant, to whom he sold weapons, had a record

of criminal convictions. The judge also noted he could consider

other charges against defendant, even though the jury did not

reach a verdict.

 In United States v. Watts, 519 U.S. 148, 117 S. Ct. 633, 136

L. Ed. 2d 554 (1997), the United States Supreme Court held "a

jury's verdict of acquittal does not prevent the sentencing court

from considering conduct underlying the acquitted charge, so long

as that conduct has been proved by a preponderance of the

evidence." Id. at 157, 117 S. Ct. at 637, 136 L. Ed. 2d at 565.

Here, defendant was not acquitted; the jury hung. Defendant

refutes application of this principle, citing State v. Tindell,

417 N.J. Super. 530 (App. Div. 2011). We are not persuaded.

 In Tindell, this court vacated a sentence imposed because the

"trial judge took exception to the verdict," demonstrating the

judge was "improperly influenced by [its] perception that the jury

rendered an unjust verdict in defendant's favor." Id. at 568,

572. Further, we noted evidence of inappropriate interactions

between the judge and the defendant, showed the judge's "sense of

moral outrage" impacted his sentencing decisions. Id. at 571.

Such is not the case in this matter.

 10 A-0682-15T3
 Here, Judge Cronin noted sufficient evidence to prove each

gun sale was proffered, allowing his consideration of those facts

when assessing the weight afforded to applicable aggravating

factors. Additionally, the judge's mention of facts surrounding

the charges for which the jury could not reach a verdict, which

the State dismissed, were not the sole basis used to apply any

aggravating factor. For example, he noted defendant was on

probation when the first alleged gun sale occurred. The reliance

on these facts was not error. "[S]entencing judges may consider

material that otherwise would not be admissible at trial, as long

as it is relevant and trustworthy." State v. Smith, 262 N.J.

Super. 487, 530 (App. Div.), certif. denied, 134 N.J. 476 (1993)

(finding a sentencing judge could consider evidence from a doctor

who had not been qualified as an expert).

 Affirmed.

 11 A-0682-15T3